CIGAR MAKERS' INTERNATIONAL UNION OF AMERICA
v. WILLIAM H. GOLDBERG.

Argued November 4, 1903—Decided February 23, 1904.

1. The act relating to the sale of articles of merchandise with a counterfeit label thereon, approved March 15th, 1898 (*Pamph. L.,* *p.* 83), is not unconstitutional.
2. Knowledge of the fact that the label is a counterfeit is not made, of the essence of the offence, and need not be shown to entitle one suing under the act to recover the penalty imposed.

On appeal to the Second District Court of Newark.

Before Justices FORT and PITNEY.

For the appellant, *Henry Hahn.*

For the appellee, *Joseph A. Beecher.*

The opinion of the court was delivered by

FORT, J. This is an action for a penalty under sections 6 and 10 of the act entitled "An act to provide for the registration of labels, trade-marks,. terms and designs, and protect and secure the rights, property and interests therein of the persons, associations, organizations and corporations adopting and filing the same," approved March 15th, 1898. *Pamph. L., p. 83.*

The defendant is a dealer in cigars, and on March 7th, 1903, he sold four boxes of cigars upon which were affixed counterfeit labels.

The appellant admits the sale, but alleges two grounds for the reversal of the judgment for the penalty entered against him—*first,* that the act is unconstitutional; *second,* that the trial judge overruled testimony to show that he had no knowledge that the labels were counterfeit.

As to the first ground, neither upon the oral argument.

nor in the brief, is it shown to the court in what respect this act is in conflict with either the national or state constitution, and we are unable to discern any in our reading of said instruments.

As to the second ground, section 84 of the act makes it "unlawful and a violation of this act for any other person than the owner" to sell, offer to sell, or dispose of or have in possession, with intent that the same shall be sold or disposed of, any goods, wares or merchandise, or product of labor contained in any box, case, can or package to which or on which any such counterfeit or imitation is attached, affixed, &c.

This section makes the sale of a box of cigars with such a counterfeit label attached unlawful. The knowledge of the seller is immaterial. Intent, where a sale is actually made, is not made of the essence of the offence.

The statute in no way limits liability to "willfully and knowingly selling," as appears to be the case in other states, where the courts have held knowledge in the defendants must be shown.

Other statutes authorizing suits of this character have received the same construction in this court as here given. *Waterbury* v. *Newton,* 21 *Vroom* 534.

The judgment of the District Court is affirmed, with costs.