CLIFTON DISTRICT COURT.

INTERNATIONAL ALLIED PRINTING TRADES COUNCIL, BY PATERSON ALLIED PRINTING TRADES COUNCIL, ITS AGENT, PLAINTIFF, v. LOUIS LAZER, DEFENDANT.

Decided January 10, 1940.

For the plaintiff, *Meyer M. Semel.*

For the defendant, *Marcus & Levy.*

COLLESTER, D. C. J. The plaintiff herein, a printers' union, brings suit against the defendant, Louis Lazer, to recover the statutory penalty for violation of the act relating to the unlawful use of genuine registered printers' labels. The defendant, a non-union printer, is charged with the violation of *R. S.* 1937, 56 :3-8, in that he accepted orders and made sales to two organizations, namely, the Paterson Jewish Art Group and Dramatic Studio and the Freiheit Gesang Verein. The evidence indicates that the printed matter supplied to each organization bore an unauthorized but genuine union label and that the shop number attached thereto was fictitious and counterfeit.

There can be no question but that the defendant effected the respective sales complained of. He accepted the orders; informed the purchasers that although he was not a union printer he could have the genuine union label attached on the printed matter for them; delivered the merchandise to the purchasers; presented a bill on his own billhead; and was paid for the work.

The defendant contends that the transaction was not a "sale since the defendant made no profit nor received any benefit thereby." With this theory the court must disagree since a sale in contemplation of law does not require a profit to be realized. Likewise, this court finds from the evidence that the defendant did receive a "benefit" since, as he stated in his testimony, he performed the transaction in order to "keep his customers."

*R. S.* 1937, 56:3-8 provides:

"Whenever any person, association, organization or corporation has adopted and filed for record or registry, or shall adopt and file for registry, any label, trade-mark, term or design as provided in this article, it shall be unlawful, and a violation of this article for any other person, association, organization, or corporation, to: * * *

"d. Make any use whatever of any such genuine label, trade-mark, term or design, without first obtaining, in every case, the license, consent or authority of the person, association, organization or corporation adopting, filing and registering the same, or causing the same to be adopted, filed and registered * * *."

The legislature has also prescribed the manner in which said statute shall be construed by the enactment of *R. S.* 1937, 56:3-13, which recites:

"This article shall be construed by all courts at all times, in all suits, actions and proceedings, in the most liberal manner for effecting the objects and purposes thereof and protecting the claims, rights, interest, use and property of every person, association, organization or corporation in and to any label, trade-mark, term or design filed and registered pursuant to the provisions of this article."

The court finds from the evidence that the defendant, on the two occasions mentioned, sold the printed matter bearing an unauthorized union label to which was annexed a fraudulent and fictitious union shop number.

It is the conclusion of this court that said action by the defendant, in representing to the purchasers that the union label used was an authorized, genuine union label and that the shop number annexed thereto was an authorized union

shop, was an unlawful and improper "use" of the label within the contemplation of the statute. *R. S.* 1937, 56:3-8 *subsection d.*

The defendant's contention that he had no knowledge of the lack of authorization to use such label and that the shop number was fictitious is no defense to this action. Knowledge of the seller is immaterial since intent, where a sale is made, is not of the essence of the offense. *Cigar Makers International Union of America* v. *William H. Goldberg,* 70 *N. J. L.* 488; 57 *Atl. Rep.* 141.

It is, therefore, the decision of this court that judgment must be entered against the defendant on both causes of action set forth in the state of demand and the plaintiff is therefore awarded damages against the defendant in the total sum of four hundred dollars ($400).